**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCT LIABILITY LITIGATION** | **MDL DOCKET NO.: _____** |

**MOTION FOR TRANSFER AND COORDINATION OR
CONSOLIDATION UNDER 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Movant-Plaintiff Brianna Murden respectfully asks the Judicial Panel on Multidistrict Litigation ("Panel") to transfer the "Schedule of Actions," and subsequent tag-along actions, to the Northern District of Illinois or the Western District of Missouri.

1.      Defendants Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram LLC, and Siculus, Inc. (collectively, "Defendants") operate the world's largest family of social networks.[1]

2.      The complaints in the Schedule of Actions allege similar claims of product liability, negligence, misrepresentation, fraud, unjust enrichment, breach of warranty, and infliction of emotional distress against Defendants resulting from the design and operation of their two largest products, Facebook and Instagram. Specifically, Plaintiffs allege that Defendants' social media products are intentionally designed to be addictive and utilize sophisticated algorithms, and other defectively designed and unreasonably dangerous features, to maximize user time and engagement

---

[1] Other filed cases also name Defendants Snap, Inc., TikTok, Inc., and ByteDance, Inc. These Defendants operate the social media platforms "Snapchat" and "TikTok" and similarly use defectively designed features resulting in youth addiction and other injuries. The complaints naming these two Defendants allege similar facts and injuries associated with adolescent use of these products.

to maximize profits. This design is employed regardless of a user's age and recognized dangers associated with the use of such features on social media products.

3.      From the beginning, Facebook and Instagram have exploited vulnerabilities in human psychology to addict users and maximize user time and engagement. Facebook's first President, Sean Parker, summed up the devastating impact of Facebook and Instagram's designs in a 2017 interview:

> "God only knows what it's doing to our children's brains. The thought process that went into building these applications, Facebook being the first of them, ... was all about: 'How do we consume as much of your time and conscious attention as possible?' And that means that we need to sort of give you a little dopamine hit every once in a while, because someone liked or commented on a photo or a post or whatever. And that's going to get you to contribute more content, and that's going to get you ... more likes and comments. It's a social-validation feedback loop ... exactly the kind of thing that a hacker like myself would come up with, because you're exploiting a vulnerability in human psychology. The inventors, creators — it's me, it's Mark [Zuckerberg], it's Kevin Systrom on Instagram, it's all of these people — understood this consciously. And we did it anyway."[2]

4.      Plaintiffs seek to hold Defendants' accountable for the devasting fallout from exploiting adolescent users during their formative years while in a state of increased fragility. Adolescent females are disproportionately negatively affected by Defendants' products, as shown by the overwhelmingly female Plaintiff population to date.[3]

5.      Defendants have publicly downplayed their products' negative impact on youth. However, leaked internal company documents from former Facebook employee and "whistleblower", Francesca Haugen, reveal that Defendants are aware of the disproportionate impact its products have on youth, especially adolescent females. One internal study found that

---

[2] Mike Allen, *Sean Parker unloads on Facebook: "God only knows what it's doing to our children's brains"*, Axios (November 9, 2017), https://www.axios.com/2017/12/15/sean-parker-unloads-on-facebook-god-only-knows-what-its-doing-to-our-childrens-brains-1513306792.

[3] Female clients represent 14 of 17 cases filed by the undersigned counsel. Additionally, 7 of the 10 federal cases filed by the Social Media Victims Law Center are female Plaintiffs.

"Thirty-two percent of teen girls said that when they felt bad about their bodies, Instagram made them feel worse."[4] The same study found that "[c]omparisons on Instagram can change how young women view and describe themselves."[5] Defendants have also found that "social comparison is worse on Instagram", compared to other social media apps.[6] As early as 2019, Defendants recognized that they "make body image issues worse for one in three teen girls."[7]

6.      Additionally, internal studies revealed that "teens blame Instagram for increases in the rate of anxiety and depression."[8] Among teens who reported suicidal thoughts, 13% of British users and 6% of American users traced the desire to kill themselves to Instagram, one presentation showed.[9] One in five teens say that Instagram makes them feel worse about themselves, and teens who struggle with mental health say Instagram makes it worse.[10]

7.      Internal research indicates that the design of Defendants' products is what is most harmful to teens. "A pressure to look perfect and an addictive product can send teens spiraling toward eating disorders, an unhealthy sense of their own bodies and depression, March 2020 internal research states. It warns that the Explore page, which serves users photos and videos curated by an algorithm, can send users deep into content that can be harmful."[11] According to Defendants' research, "aspects of Instagram exacerbate each other to create a perfect storm."[12]

8.      Plaintiffs' common allegations against Defendants include:

---

[4] Georgia Wells, Jeff Horwitz, and Deepa Seetharaman, *Facebook Knows Instagram Is Toxic for Teen Girls, Company Documents Show*, WSJ (Sept 14, 2021, 7:59 AM), https://www.wsj.com/articles/facebook-knows-instagram-is-toxic-for-teen-girls-company-documents-show-11631620739.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

    a.   Facebook and Instagram were designed by Defendants, to be unreasonably dangerous and addictive to users, particularly adolescents;

    b.   Defendants failed to warn adolescent users and their parents about risks posed by the addictive platforms or that there was even a risk of addiction;

    c.   Defendants failed to warn adolescent users and their parents about the risks of causing body dysmorphic disorder and disordered eating posed by the platforms;

    d.   Defendants failed to make accurate and truthful representations to Plaintiff and the general public regarding the nature of the Facebook and Instagram products;

    e.   Defendants were unjustly enriched from consumers use of the products, at the expense of users' physical and mental well-being;

    f.   Defendants engaged in unfair and deceptive acts and trade practices in the design, development, manufacture, marketing and dissemination of the Facebook and Instagram products; and

    g.   Defendants failed to recall or retrofit the Facebook and Instagram products, despite knowing of the serious risks the platforms pose to adolescent consumers and the public.

9.    The common injuries contained within the complaints in the Schedule of Actions include but are not limited to: (a) multiple periods of suicidal ideation, (b) self-harm, (c) disordered eating, (d) body dysmorphic disorder, (e) severe anxiety, (f) depression, (g) a reduced inclination or ability to sleep, among other harmful effects, which may cause or contribute to additional disease, (h) medical expenses, and (i) other economic and non-economic damages.

10.     There are millions of adolescents who use Instagram and Facebook and spend hours on these platforms every day.[13]

11.     To date, twenty-seven (27) additional actions seeking similar relief in federal court have been filed. (*See* Schedule of Actions at Exhibit "A" of Brief in Support). In total, there are twenty-eight (28) actions pending in seventeen (17) different districts throughout the country. Currently, counsel represents over 400 clients prepared to bring similar claims against Defendants.

12.     Because of the millions of adolescents impacted by Defendants' conduct and the growing awareness of Defendants' conduct and resulting harms revealed by Facebook "whistleblower" Francesca Haugen, the undersigned anticipates a substantial number of similar cases in the coming months and years. Further, the undersigned is in communication with attorneys throughout the country who are investigating similar claims, thus increasing the likelihood of additional case filings.

13.     The complaints within the Schedule of Actions, and any additional tag-along actions, pending against Defendants will involve similar if not identical questions of fact and will involve common discovery and pretrial motion practice. Accordingly, inconsistent pretrial rulings could occur if the cases are not transferred for coordinated or consolidated proceedings pursuant to 28 U.S.C. § 1407.

14.     Movant-Plaintiff seeks to create an MDL with respect to Defendants' defective design and operation of the Facebook and Instagram products as they relate to adolescent users. As detailed in the accompanying Brief, centralization will help eliminate inconsistent rulings, curtail duplicative discovery, and conserve judicial resources.

---

[13] *See* Katherine Schaeffer, *7 facts about Americans and Instagram*, Pew Research Center (October 7, 2021), https://www.pewresearch.org/fact-tank/2021/10/07/7-facts-about-americans-and-instagram/.

15.     The convenience of the courts, parties, witnesses, and counsel will all be served by transferring these cases to the Northern District of Illinois or Western District of Missouri for coordinated or consolidated pretrial proceedings.

16.     In support of the motion, Movant-Plaintiff relies upon:

    a.  the Brief describing the background of the litigation and Movant-Plaintiff's factual and legal contentions;

    b.  the Schedule of Actions (attached hereto as **Exhibit A**) providing: (1) the complete name of each action involved, listing the full name of each party included; (2) the district court and division where each action is pending; (3) the civil action number of each action; and (4) the name of the Judge assigned to each action, if available;

    c.  a copy of all complaints (without exhibits) and docket sheets for all actions listed in the Schedule of Actions (attached as **Exhibits A-1 to A-28**) in the accompanying Brief);

    d.  the Statement Requesting Oral Argument; and

    e.  the Proof of Service.

For the reasons set forth herein and in the accompanying Brief in Support, Plaintiff respectfully requests that the Panel issue an Order transferring all of the matters in the Schedule of Actions, and any tag-along actions, to the Honorable Sara L. Ellis, United States District Judge, Northern District of Illinois, for coordinated or consolidated pretrial proceedings, or alternatively the Western District of Missouri before Judge Stephen R. Bough.

Respectfully submitted,                    Dated:  August 1, 2022

*/s/ Joseph G. VanZandt*
Joseph G. VanZandt
BEASLEY ALLEN CROW
METHVIN PORTIS & MILES, LLC
234 Commerce Street
Montgomery, AL 36103
Telephone:  334-269-2343
Facsimile:  334-954-7555
Joseph.VanZandt@BeasleyAllen.com

***Attorneys for Movant-Plaintiff***