**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re:  Social Media Adolescent                                         **MDL No. 3047**
Addiction/Personal Injury

**This document relates to:**

*Nasca, et al., v. ByteDance Ltd., et al., No. 2:23-cv-02786, E.D.N.Y.*

**TIKTOK DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
VACATE CONDITIONAL TRANSFER ORDER NO. 7 (MDL NO. 3047, ECF No. 209)**

This Panel has repeatedly rejected Plaintiffs' primary basis to vacate CTO-7—that the transferor court should be allowed to rule on the questions of fraudulent misjoinder and remand—as "an insufficient basis to vacate a conditional transfer order." *In re Cook Medical, Inc., IVC Filters Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 2570, 2016 U.S. Dist. LEXIS 169948, *1 (J.P.M.L. Dec. 7, 2016); *see also In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) ("This is so even where, as here, plaintiffs assert that the removals were patently improper."). Indeed, the Panel already rejected a similar argument *in this same MDL*, in finalizing transfer of another matter (*Youngers*) to the MDL Court. Transfer Order, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047, ECF No. 150 (J.P.M.L. Feb. 1, 2023) ("The Panel has held that such jurisdictional objections generally do not present an impediment to transfer."). The statutory factors for transfer here are clearly met. Because Plaintiffs have identified no valid basis to vacate CTO-7, the TikTok Defendants respectfully request that the Panel deny Plaintiffs' Motion and finalize the transfer of this action to MDL No. 3047.

## BACKGROUND

On October 6, 2022, this Panel formed MDL No. 3047 to centralize actions sharing common factual questions arising from, among other things, "allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents" and "inadequately safeguard against harmful content and/or intentionally amplify harmful content." *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, __ F. Supp. 3d __, 2022 WL 5409144, at *1-2 (J.P.M.L. Oct. 6, 2022). The Panel assigned MDL No. 3047 to the Honorable Yvonne Gonzalez Rogers in the United States District Court for the Northern District of California. *Id.*

Plaintiffs are the parents of a minor who tragically passed away in 2022. On October 18, 2022, less than two weeks after MDL 3047 was formed, Plaintiffs filed their original action against the TikTok Defendants directly before Judge Gonzalez Rogers in the Northern District of California, asserting claims for strict liability, negligence, and other theories related to the design and operation of the TikTok service. *Nasca v. ByteDance Inc., et al.*, No. 22-cv-06134-YGR, ECF 1 (N.D. Cal. Oct. 18, 2022). Plaintiffs' counsel in *Nasca* are the same as in other cases that have been consolidated into the MDL. But after approximately five months in the MDL, on March 7, 2023, Plaintiffs voluntarily dismissed that lawsuit from the MDL.

On March 21, 2023, Plaintiffs filed a new action in the Supreme Court of the State of New York, County of Suffolk, asserting identical claims against the TikTok Defendants, but then adding separate claims for negligence against newly-named (and non-diverse) Defendants Metropolitan Transportation Authority, MTA Long Island Railroad, Long Island Railroad, and the Town of Islip (collectively, "MTA Defendants"). *See Nasca, et al., v. ByteDance Inc., et al.*, Index No. 607250/2023 (N.Y. Sup. Ct., Suffolk County Mar. 21, 2023), Compl. (hereinafter

"Complaint" or "Compl."). As to the MTA Defendants, Plaintiffs alleged negligence in the failure to fence in a section of railroad track, although there is no alleged common transaction or occurrence with the claims against the TikTok Defendants. *Id.*

On April 13, 2023, the TikTok Defendants removed the newly-filed *Nasca* matter to the United States District Court for the Eastern District of New York, contending that Plaintiffs had fraudulently misjoined the newly-named and non-diverse MTA Defendants in an effort to avoid the federal forum. The doctrine of fraudulent misjoinder allows courts to preserve diversity jurisdiction by disregarding the citizenship of, and severing and remanding the claims against, fraudulently misjoined non-diverse defendants. *See, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). Plaintiffs and the TikTok Defendants disagree over the propriety of removal and the application of the fraudulent misjoinder doctrine, and Plaintiffs have filed a motion to remand, which is pending in the transferor court but has not yet been fully briefed.

On April 20, 2023, the Panel provisionally entered CTO-7, initiating the transfer of the *Nasca* matter to MDL No. 3047. (MDL No. 3047, ECF No. 188.) On April 27, 2023, Plaintiffs filed a Notice of Opposition to CTO-7 (MDL No. 3047, ECF No. 196), and on May 16, 2023, filed their Motion to Vacate (MDL No. 3047, ECF No. 216-1).

## ARGUMENT

The Panel should deny Plaintiffs' Motion to Vacate and finalize CTO-7 because (1) the statutory factors for transfer of the *Nasca* matter are satisfied, and (2) Plaintiffs' pending Motion to Remand can and should be decided by the MDL Court. Indeed, the Panel already transferred another matter to the MDL Court—over similar objections by other plaintiffs in this very MDL.

Transfer Order, *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, MDL No. 3047, ECF No. 150 (J.P.M.L. Feb. 1, 2023).

## I.    The Statutory Factors for Transfer Are Met.

The *Nasca* matter should be transferred to MDL No. 3047 because the statutory factors under 28 U.S.C. § 1407(a) are satisfied. Transfer of an action to an MDL is appropriate if (1) the action shares "one or more common questions of fact" with the already-centralized actions, and (2) coordination "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Both requirements here are easily met.

*First*, Plaintiffs "do not contest that there are common questions of fact between this action and MDL No. 3047." CTO Opp. at 6. And they could not—Plaintiffs originally filed their claims against TikTok *in* MDL No. 3047, and the allegations of the Complaint lay out clearly those commonalities. The Panel formed MDL No. 3047 to centralize actions alleging, among other things, "that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents" and "inadequately safeguard against harmful content and/or intentionally amplify harmful content." *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 2022 WL 5409144, at *1-2. Similar to other cases in MDL No. 3047, Plaintiffs here allege:

• That TikTok is "dangerous and addictive" and/or improperly advertised without adequate warnings. *See, e.g.*, Compl. ¶¶ 3,5, 61–82.

• That TikTok is designed "to promote and instill familiarity and trust among its youngest users" and used "design mechanics and mechanisms to addict those same minor users in a

manner the TikTok Defendants know to be harmful to their health and well-being." *E.g.*, Compl. ¶ 3.

- That the TikTok Defendants "[did] not warn minor users or their parents of the addictive design of the TikTok product" and that "TikTok actively tries to conceal the dangerous and addictive nature of its product." *E.g.*, Compl. ¶ 62.

These factual allegations form the basis of Plaintiffs' products liability and negligence claims against the TikTok Defendants (Counts I – IV). Plaintiffs' remaining substantive claims against the TikTok Defendants are for violations of New York's consumer protection laws (Count VIII), unjust enrichment (Count IX), invasion of privacy (Count X), and infliction of emotional distress (Count XI). All of these claims have the same factual underpinnings as the products liability and negligence claims against the TikTok Defendants—that TikTok is "dangerous and addictive" and/or improperly advertised without adequate warnings. *See, e.g.*, Compl. ¶¶ 286–87 (violation of consumer protection laws); 292 (unjust enrichment); 296–97 (invasion of privacy claim); 301 (infliction of emotional distress). These claims implicate questions of fact and law similar to those at issue in MDL 3047, including questions about online communication services like TikTok, defenses under federal law such as Section 230 of the Communications Decency Act and the First Amendment, and whether intangible services may be considered "products" for purposes of product liability claims.

By its entry of CTO-7, the Panel rightfully concluded that *Nasca* "involve[d] questions of fact that are common to the actions previously transferred to the Northern District of California and assigned to Judge Rogers." CTO-7 (MDL No. 3047, ECF No. 188). Plaintiffs do not dispute this conclusion in their Motion. Nor could they, as the *Nasca* allegations fall squarely within the scope of the Panel's Transfer Order.

5

*Second*, the transfer of *Nasca* to MDL No. 3047 would be convenient for the properly joined parties and witnesses, and would promote the just and efficient conduct of litigation. Plaintiffs' TikTok-related claims implicate many of the same issues being litigated in the MDL, are being litigated by the same counsel in the MDL, and will involve much of the same discovery if plaintiffs in either proceeding overcome TikTok and other defendants' threshold defenses and pleading challenges. Accordingly, "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to motions to dismiss and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary." *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 2022 WL 5409144, at *2. The presence of any "individualized factual issues [that] may arise in each action" does not negate these efficiencies. *Id.*

On the other hand, excluding *Nasca* from the MDL would impose substantial duplicative discovery burdens and force the parties to litigate the same overlapping legal issues in multiple forums, raising the possibility of inconsistent pretrial rulings on dispositive motions and other matters. As this Panel "frequently holds" in similar situations, any convenience Plaintiffs may gain by litigating outside the MDL would clearly be outweighed by unnecessary and duplicative expenditure of "the resources of the [other] parties, their counsel, and the judiciary." *Id.* at *2, 3; *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Accordingly, the Panel should not vacate CTO-7.[1]

---

[1] The fact that Plaintiffs improperly joined and are attempting to assert unrelated claims against the MTA Defendants does not alter this calculus, as Plaintiffs' claims against the MTA Defendants will not be litigated in the MDL *under any circumstance*. In deciding Plaintiffs' Motion to Remand, the MDL Court will either apply the fraudulent misjoinder doctrine to sever and remand Plaintiffs' claims against the MTA Defendants, or else decline to apply the doctrine and remand the entire action (including Plaintiffs' claims against the TikTok Defendants) for

II.     **The MDL Court Should Decide Plaintiffs' Motion to Remand.**

Plaintiffs' primary argument in their Motion to Vacate is that the TikTok Defendants' removal of this action was not proper and there is a pending motion to remand. *See* Pfs.' Mem. re Mot. to Vacate (ECF No. 209-1).

Plaintiffs offer no legal authority to support the notion that a pending motion to remand constitutes a valid basis to vacate a conditional transfer order, and for good reason. As this Panel has repeatedly recognized, an allegedly improper removal is "an insufficient basis to vacate a conditional transfer order." *In re Cook Medical, Inc., IVC Filters Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 2570, 2016 U.S. Dist. LEXIS 169948, *1 (J.P.M.L. Dec. 7, 2016); *see also In re Plavix Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2418, 2013 U.S. Dist. LEXIS 176777 (J.P.M.L. Dec. 13, 2013) ("As we frequently have held, however, the pendency of a remand motion is not, as a general matter, a sufficient reason to delay or deny transfer."); *In re Avandia Mktg., Sales Practices & Prods. Liab.*, MDL No. 18761, 2014 U.S. Dist. LEXIS 46840 (J.P.M.L. Apr. 3, 2014) (same); *In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, MDL No. 2428, 2014 U.S. Dist. LEXIS 186187, at *2 (J.P.M.L. Dec. 11, 2014) ("We have held repeatedly that a motion for remand alone is generally an insufficient basis to vacate a conditional transfer order."). Already, the Panel rejected similar objections in transferring another matter in this same MDL. Transfer Order, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047, ECF No. 150 (J.P.M.L. Feb. 1, 2023) ("The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.").

---

lack of subject matter jurisdiction. Under either scenario, Plaintiffs' claims against the MTA Defendants ultimately will be litigated in New York state court, not in the MDL.

While the parties may dispute the propriety of removal, it is not the role of this Panel to consider or decide the merits of Plaintiffs' remand argument. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand."). Rather, the role of the Panel is to determine whether this case falls within the pre-existing Transfer Order and whether it should be transferred to MDL 3047 pursuant to 28 U.S.C. § 1407 for centralized proceedings. *See In re Ivy*, 901 F.2d at 9; *In re Air Crash Disaster at Florida Everglades*, 368 F. Supp. 812, 813 (J.P.M.L. 1973) ("Because these actions involve questions of fact identical to those raised in the actions previously transferred by the Panel, transfer is necessary in order to eliminate the possibility of duplicative discovery and conflicting pretrial rulings. Furthermore, the transferee judge certainly has the power to determine the question of remand."); *see also* 28 U.S.C. § 1407. As this Panel has already recognized in issuing the Transfer Order and CTO-7, this case falls within the scope of MDL No. 3047 and should be transferred.

Plaintiffs will not be prejudiced in any way as a result of MDL transfer. As this Panel has recognized, "remand motions can be presented to and decided by the transferee judge." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001); *see also In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 2014 U.S. Dist. LEXIS 186187 at *2 (concluding plaintiffs "can present their motion for remand to the transferee judge."); *In re Air Crash Disaster at Florida Everglades*, 368 F. Supp. at 813 ("the transferee judge certainly has the power to determine the question of remand."). Indeed, in the context of multidistrict proceedings, *it is preferred* for MDL courts to decide remand motions because "[o]nce transferred, the jurisdictional objections can be heard and resolved by a single court and

reviewed at the appellate level in due course. Consistency as well as economy is thus served." *In re Ivy*, 901 F.2d at 9.

<u>CONCLUSION</u>

As the Panel has already concluded by virtue of its Transfer Order and issuance of CTO-7, transfer of this case satisfies the purposes of 28 U.S.C. § 1407 and will ensure that the Parties are not subject to duplicative discovery, duplicative litigation demands, or inconsistent pretrial rulings.  Plaintiffs do not challenge this conclusion in their Motion to Vacate, but rather rely on an argument the Panel has rejected repeatedly over many decades. Accordingly, the TikTok Defendants respectfully request that the Panel deny the Motion to Vacate and transfer this case to the Northern District of California for inclusion in MDL No. 3047.

Dated: June 2, 2023                                Sincerely,

                                                   /s/ *Albert Q. Giang*
                                                   Albert Q. Giang
                                                   KING & SPALDING LLP
                                                   633 West Fifth Street, Suite 1600
                                                   Los Angeles, CA 90071
                                                   Telephone:     213.218.4001
                                                   Facsimile:     213.443.4310
                                                   Email: agiang@kslaw.com

                                                   Geoffrey M. Drake
                                                   KING & SPALDING LLP
                                                   1180 Peachtree Street, NE, Suite 1600
                                                   Atlanta, GA 30309
                                                   Telephone:     404.572.4600
                                                   Facsimile:     404.572.5100
                                                   Email: gdrake@kslaw.com

                                                   Andrea Roberts Pierson
                                                   FAEGRE DRINKER BIDDLE & REATH LLP
                                                   300 North Meridian Street, Suite 2500
                                                   Indianapolis, IN  46204
                                                   Telephone:     317.237.0300
                                                   Facsimile:     317.237.1000
                                                   E-Mail: andrea.pierson@faegredrinker.com