# EXHIBIT A

RECEIVED

Judicial Council of California

SEP 1 5 2022

Coordination Lawyer

1  Laura Marquez-Garrett, SBN 221542
   laura@socialmediavictims.org
2  SOCIAL MEDIA VICTIMS LAW CENTER
   1390 Market St, Suite 200
3  San Francisco, CA 94102
4  Telephone:    (206) 294-1348
   Facsimile:    (206) 957-9549
5
6  Kevin M. Loew (SBN 238080)
   kloew@waterskraus.com
7  WATERS KRAUS & PAUL
   222 North Pacific Coast Hwy, Suite 1900
8  El Segundo, California 90245
   Telephone: (310) 414-8146
9  Facsimile: (310) 414-8156

10

11 Attorneys for Plaintiffs

12

13              **JUDICIAL COUNCIL OF CALIFORNIA**

14              **CHAIR OF THE JUDICIAL COUNCIL**

15 | IN RE: SOCIAL MEDIA ADOLESCENT    | Judicial Council Coordination Proceeding
16 | ADDICTION                         | JCCP No. **5255**
17 |                                   | Case No. 22STCV 21355
18 | Christina Arlington Smith, individually and | PETITION FOR COORDINATION AND
19 | as successor-in-interest to Lalani Walton, | APPLICATION FOR COMPLEX
   | Deceased, and Heriberto Arroyo, | DESIGNATION
20 | individually and as successor-in-interest to |
   | Arriani Jaileen Arroyo, Deceased, and | [Filed concurrently with Supporting
21 | Christal Arroyo, Individually, Jessica | Memorandum of Points and Authorities and
   | Williams, individually and as successor-in- | Declaration of Laura Marquez-Garrett]
22 | interest to Zaiden Baldwin, Deceased, |

23              Plaintiffs,
        v.
24

25 TikTok Inc., ByteDance Inc., and Does 1 -
   100, Inclusive,
26

27              Defendants.

28

PETITION FOR COORDINATION AND APPLICATION FOR COMPLEX          1
DESIGNATION

| | |
|---|---|
| D.S., K.R., and K.S.,<br><br>         Plaintiffs,<br>    v.<br><br>TikTok Inc., ByteDance Inc., and Does 1 - 100, Inclusive,<br><br>         Defendants. | Los Angeles County Superior Court Case No. 22STCV 24332 |
| J.P., R.P., and M.P.,<br><br>         Plaintiffs,<br>    v.<br><br>Meta Platforms, Inc., formerly known as Facebook, Inc., TikTok Inc., ByteDance Inc.,<br><br>         Defendants. | Los Angeles County Superior Court Case No. 22STCV 26778 |
| Janet Majewski, individually and as the Personal Representative of the Estate of Emily Zavala,<br><br>         Plaintiffs,<br>    v.<br><br>Meta Platforms, Inc., formerly known as Facebook, Inc., Snap, Inc., TikTok Inc., ByteDance Inc.,<br><br>         Defendants. | Los Angeles County Superior Court Case No. 22STCV 26829 |
| J.J., J.D., and A.D.,<br><br>         Plaintiffs,<br>    v.<br><br>Meta Platforms, Inc., formerly known as Facebook, Inc.; TikTok Inc; and ByteDance Inc.,<br><br>         Defendants. | Los Angeles County Superior Court Case No. 22STCV28201 |

PETITION FOR COORDINATION AND APPLICATION FOR COMPLEX DESIGNATION

2

| | |
|---|---|
| M.L. and N.L.,<br><br>   Plaintiffs,<br>  v.<br><br>TikTok Inc and ByteDance Inc.,<br><br>   Defendants. | Los Angeles County Superior Court<br>Case No. 22STCV28204 |
| A.S. and E.S.,<br><br>   Plaintiffs,<br>  v.<br>Meta Platforms, Inc., formerly known as<br>Facebook, Inc.; TikTok Inc; ByteDance<br>Inc.; Snap Inc.,<br><br>   Defendants. | Los Angeles County Superior Court<br>Case No. 22STCV28202 |
| L.W. and C.W.,<br><br>   Plaintiffs,<br>  v.<br><br>Meta Platforms, Inc., formerly known as<br>Facebook, Inc.; Snap, Inc.; TikTok Inc; and<br>ByteDance Inc.,<br><br>   Defendants. | Los Angeles County Superior Court<br>Case No. 22STCV28200 |
| J.S., D.S., L.J.S., and L.H.S.,<br><br>   Plaintiffs,<br>  v.<br><br>Meta Platforms, Inc., formerly known as<br>Facebook, Inc.; YouTube, LLC; Google<br>LLC; Alphabet Inc.; TikTok Inc; ByteDance<br>Inc.,<br><br>   Defendants. | Yolo County Superior Court<br>Case No. CV2022-1472 |

PETITION FOR COORDINATION AND APPLICATION FOR COMPLEX DESIGNATION

3

| | |
|---|---|
| K.L. and S.S., | San Bernadino County Superior Court Case No. Pending |
| Plaintiffs, | |
| v. | |
| Meta Platforms, Inc., formerly known as Facebook, Inc.; Snap, Inc.; TikTok Inc; and ByteDance Inc., | |
| Defendants. | |

## APPLICATION FOR COMPLEX DESIGNATION AND PETITION FOR COORDINATION

PLEASE TAKE NOTICE that, pursuant to California Code of Civil Procedure section 404, et seq., and California Rules of Court 3.500, et seq., Plaintiffs and Petitioners Christina Arlington Smith, individually and as successor-in-interest to Lalani Walton, Deceased, and Heriberto Arroyo, individually and as successor-in-interest to Arriani Jaileen Arroyo, Deceased, and Christal Arroyo, Individually, Jessica Williams, individually and as successor-in-interest to Zaiden Baldwin, Deceased, D.S., K.R., and K.S., J.P., R.P., and M.P, Janet Majewski, individually and as the Personal Representative of the Estate of Emily Zavala, J.S., D.S., L.J.S., and L.H.S., K.L. and S.S., J.J., J.D., and A.D., M.L. and N.L., A.S. and E.S., and L.W. and C.W., by and through their counsel, Laura Marquez-Garrett, Social Media Victims Law Center, 821 Second Avenue, Suite 2100, Seattle, WA 98104 and Kevin Loew of Waters, Kraus & Paul, 222 N. Pacific Coast Hwy, Suite 1900, El Segundo, CA 90245, respectfully submit this Application for Complex Designation and Petition for Coordination to the Chair of the Judicial Council to coordinate the actions listed below.

PLEASE TAKE FURTHER NOTICE that any written opposition or response to the herein Application and Petition must be filed and served at least nine (9) court days before the hearing date set on this Application and Petition. A hearing on this Application and Petition for coordination is hereby requested.

This Petition for Coordination (the "Petition") is made pursuant to Section 404 of the California Code of Civil Procedure ("CCP") and California Rules of Court 3.521 ("CRC"). The actions sought to be coordinated fall within the definition of "complex litigation" under Section 19 of the Standards of Judicial Administration and Rule 3.400 et seq., of the CRC. Petitioners urge coordination of these ten cases before a single judge in the Superior Court for the County of Los Angles and will promote the ends of justice for the following reasons:

1.      This Petition is brought on behalf of ten parents whose children suffered injury or death from social media addiction, sexual exploitation or abuse sustained though their use of Defendants' social media products. Social media litigation has been recognized as the newest emerging mass tort and the undersigned law firm represents over 100 California parents who intend to file in California state court in the upcoming months on behalf of their injured children.

2.      These ten mass tort cases involve minors who sustained physical harm, mental health injury and death as a result of Defendants' defective and unreasonably dangerous social media products. Workup of these cases for trial will require depositions of over 20 corporate personnel, 15 experts and 25 lay witnesses; retrieval of at least 50,000 documents and electronic records; elaborate electronic discovery protocols; deposition of dozens of expert witness and extensive motion practice. Based upon these factors, the mass tort cases meet the criteria for complex designation under California Rule of Court 3.400(b).

3.      These ten cases share predominant issues of law and fact including whether common features on defendant's social media products are unreasonably dangerous to minor users; the impact of excessive social media use on adolescent brain development and mental health; Defendants' knowledge of hazards in their social media products; Plaintiffs' entitlement to injunctive relief under California Unfair Competition Law Bus. & Prof. Code, § 17200 and whether Defendants enjoy statutory immunity under Section 230 of the Communications Decency Act.

4.      Individualized trial workup of these ten cases will each involve deposition testimony from mostly the same corporate personnel lay and expert witnesses; retrieval and

PETITION FOR COORDINATION AND APPLICATION FOR COMPLEX DESIGNATION                                             5

review of mostly the same documents and electronic records and raise similar issues of relevancy and privilege. While the parties will work cooperatively on discovery, Court assistance will inevitably be required to help the parties define the appropriate scope and timing of discovery, issue protective orders and electronic discovery protocols and adjudicate issues of privilege. Coordination will eliminate the inconvenience to witnesses of sitting through duplicative depositions, benefit the parties by eliminating wasteful duplication and permit discovery to proceed in on order and logical sequence. Coordination will conserve judicial resources by eliminating the need for multiple courts to adjudicate on the same discovery issues while providing the parties with clear guidance through a single set of discovery rulings and protocols applicable to all cases.

5.      Social media product liability litigation is an emerging tort and preparation these cases for trial will involve extensive motion practice on issues such as Defendants' entitlement to statutory immunity under Section 230 of the Communications Decency Act; scope of permissible discovery; expert challenges to plaintiff and defense experts; and standard of proof on general and specific causation. Given the emerging nature of this litigation and the paucity of clear controlling appellate authority on many of these issues, absent coordination duplicative and inconsistent judicial rulings are inevitable.

6.      All the cases for which consolidation is sought have been filed in the past three months, no defendant has filed an answer or dispositive pleading, no discovery has been propounded and no substantive rulings have been entered. Coordination at this early stage of the litigation will permit the coordinating judge to establish uniform deadlines for responsive pleadings, adopt an orderly discovery schedule tailored to the unique factual and legal issues in these cases, schedule the briefing and argument of dispositive motions and set cases for trial. This will foster a more efficient utilization of court facilities and judicial resources.

7.       At this early stage in the litigation with so many unresolved factual and legal questions, it is difficult to assess the realistic prospect of settlement. However, experience in other complex mass torts teaches that settlement is almost always premised on individual cases being consolidated through state-court coordinated proceeding, a federal MDL or class action.

PETITION FOR COORDINATION AND APPLICATION FOR COMPLEX DESIGNATION                                                                                        6

To the extent that settlement of these cases are possible, coordination will enable the parties and the Court to take a more global approach to resolution and focus their attention on the issues most salient to settlement.

8.     Petitioners respectfully request that Los Angeles Superior Court Complex Division be assigned to determine coordination of these actions and if the cases are coordinated, they proceed in Los Angeles County Superior Court.  Most of the cases subject to this Petition are pending in Los Angeles County and Defendants Snap, Inc. and TikTok are headquartered there. Los Angeles also has regular direct flights to China, Israel and India where many current and former company witnesses are located and dozens of daily flights to the Bay Area where Defendants Meta and ByteDance are located.

Petitioners seek to coordinate the cases listed below as well as similar cases filed in and to be filed in Los Angeles County Superior Court:

- *Christina Arlington Smith, et al. v. TikTok Inc., ByteDance Inc., and Does 1 - 100, Inclusive*, Los Angeles Superior Court Case No. 22STCV 21355, filed June 30, 2022.

- *D.S., K.R., and K.S. v. TikTok Inc., ByteDance Inc., and Does 1 - 100, Inclusive,* Los Angeles Superior Court Case No. 22STCV 24332, filed July 28, 2022.

- *J.P., R.P., and M.P. v. Meta Platforms, Inc., formerly known as Facebook, Inc., TikTok Inc., ByteDance Inc.,* Los Angeles Superior Court Case No. 22STCV 26778, filed August 18, 2022.

- *Janet Majewski, individually and as the Personal Representative of the Estate of Emily Zavala v. Meta Platforms, Inc., formerly known as Facebook, Inc., Snap, Inc., TikTok Inc., ByteDance, Inc.,* Los Angeles Superior Court Case No. 22STCV 26829, filed August 18, 2022.

- *J.J., J.D., and A.D., v. Meta Platforms, Inc., formerly known as Facebook, Inc.; TikTok Inc; and ByteDance Inc.,* Los Angeles Superior Court Case No. 22STCV28201, filed August 30, 2022.

- *M.L. and N.L. v. TikTok Inc and ByteDance Inc,* Los Angeles Superior Court Case No. 22STCV28204, filed August 30, 2022.

- *A.S. and E.S. v. Meta Platforms, Inc., formerly known as Facebook, Inc.; TikTok Inc; ByteDance Inc.; Snap Inc.,* Los Angeles Superior Court Case No. 22STCV28202, filed August 30, 2022.

- *L.W. and C.W. v. Meta Platforms, Inc., formerly known as Facebook, Inc.; Snap, Inc.; TikTok Inc; and ByteDance Inc.,* Los Angeles Superior Court Case No. 22STCV28200, filed August 30, 2022.

Petitioners also seek to coordinate these cases with the following similar cases filed by the undersigned law firm elsewhere in the State of California.

- *J.S., D.S., L.J.S., and L.H.S. v. Meta Platforms, Inc., formerly known as Facebook, Inc.; YouTube, LLC; Google LLC; Alphabet Inc.; TikTok Inc; ByteDance, Inc.*, Yolo Superior Court Case No. CV2022.1472, filed August 26, 2022; and

- *K.L. and S.S. v. Meta Platforms, Inc., formerly known as Facebook, Inc.; Snap, Inc.; TikTok Inc; and ByteDance Inc.*, San Bernadino Superior Court Case No. PENDING, filed August 29, 2022.

Petitioners are aware of one similar action filed in the State of California by another law firm:

- *Dowdy vs. Instagram LLC*, et al San Mateo Superior Court Case No. 22-CIV-03588 filed Sep. 2, 2022.

Petitioners' grounds for complex designation and coordination are more particularly set forth in the accompanying Memorandum of Points and Authorities, the Declaration of Laura Marquez-Garrett, and other supporting document submitted herewith.

Proof of filing in each included action of a Notice of Application for Complex Designation and Submission of Petition for Coordination and a copy of this Application and Petition pursuant to Rule 3.522 of the CRC, and any documents to be submitted pursuant to Rule 3.523 of the CRC will be submitted to the Chair of the Judicial Council within the time frames provided by Rule 3.522 and 3.523.

//

//

//

//

//

//

PETITION FOR COORDINATION AND APPLICATION FOR COMPLEX DESIGNATION                                        8

1    DATED this 15TH day of September 2022.

2                                         SOCIAL MEDIA VICTIMS LAW CENTER PLLC

3

4                                         By:_____

5                                             Laura Marquez-Garrett, SBN 221542
                                              laura@socialmediavictims.org
6                                             1390 Market Street, Suite 200
                                              San Francisco, CA 94102
7                                             Tel: (206) 294-1348

8                                             Matthew Bergman (*Pro Hac Vice* anticipated)
9                                             matt@socialmediavictims.org
                                              Glenn Draper (*Pro Hac Vice* anticipated)
10                                            glenn@socialmediavictims.org
                                              821 Second Avenue, Suite 2100
11                                            Seattle, WA 98104
12                                            Tel: (206) 741-4862     Fax: (206) 957-9549

13                                            Kevin M. Loew (SBN 238080)
14                                            kloew@waterskraus.com
                                              WATERS KRAUS & PAUL
15                                            222 North Pacific Coast Hwy, Suite 1900
                                              El Segundo, California 90245
16                                            Tel: (310) 414-8146     Fax: (310) 414-8156

17
                                              Christopher A. Seeger (*Pro Hac Vice*
18                                            anticipated)
                                              cseeger@seegerweiss.com
19                                            Christopher Ayers (*Pro Hac Vice* anticipated)
                                              cayers@seegerweiss.com
20                                            SEEGER WEISS LLP
21                                            55 Challenger Road
                                              Ridgefield Park, NJ 07660
22                                            Tel: 973-639-9100     Fax: 973-679-8656

23                                            Robert H. Klonoff  (*Pro Hac Vice* anticipated)
24                                            klonoff@usa.net
                                              ROBERT KLONOFF, LLC
25                                            2425 S.W. 76th Ave.
                                              Portland, Oregon 97225
26                                            Tel: (503) 702-0218     Fax: (503) 768-6671

27
                                              Attorneys for Plaintiffs
28

PETITION FOR COORDINATION AND APPLICATION FOR COMPLEX                          9
DESIGNATION