# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION / PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |

## INTERESTED PARTIES YOUTUBE, LLC, GOOGLE LLC, AND ALPHABET INC.'S RESPONSE TO MOTION TO TRANSFER

### I. INTRODUCTION

YouTube, Google, and Alphabet (collectively "YouTube"[1]) submit this response to Plaintiff Brianna Murden's Motion for Transfer and Coordination and Consolidation Under 28 U.S.C. § 1407. YouTube respectfully requests that the Panel decline to transfer the five tagged cases in which YouTube is a defendant or, in the alternative, separate and remand the claims against YouTube from any cases that are consolidated as part of an MDL.

YouTube does not belong in the requested MDL. Neither Ms. Murden's Motion nor Complaint so much as mentions YouTube. The first case involving YouTube was filed only three weeks ago, and to date YouTube has been named as a defendant in just five of the nearly fifty cases that are now before the Panel. Four of those cases were tagged by Meta Platforms, Inc. ("Meta"), which owns Facebook and Instagram, and which is the principal focus of Plaintiffs' MDL request and lawsuits (the vast majority of which have nothing to do with YouTube).

The claims against YouTube raise unique questions of fact that would predominate over any issues common to Meta or the other defendants. The small handful of cases in which YouTube

---

[1] YouTube, LLC is a subsidiary of Google LLC, which is a subsidiary of Alphabet Inc. The complaints brought against YouTube focus entirely on allegations about YouTube's products and services, and not those of Google, Alphabet, or other Google or Alphabet subsidiaries.

is a party can readily be coordinated, if necessary, outside the MDL process and in ways that would be far more efficient and fair than sweeping YouTube into a consolidated proceeding almost completely focusing on other platforms, with distinct issues and minimal factual overlap.[2]

## II. BACKGROUND

Of the nearly fifty lawsuits concerning Meta currently under consideration for consolidation by the Panel, YouTube is a defendant in just four: (a) *M.C. v. Meta Platforms, Inc.*, No. 4:22-cv-04529-JST (filed August 5, 2022), pending in the Northern District of California; (b) *J.H. v. Meta Platforms, Inc.*, No. 4:22-cv-04710-HSG (filed August 17, 2022), pending in the Northern District of California; (c) *L.A.T. v. Meta Platforms Inc.*, No. 3:22-cv-04937 (filed August 29, 2022), also pending in the Northern District of California[3]; and (d) *Johnson v. Meta Platforms, Inc.*, No. 1:22-cv-01260-MMM-JEH (filed August 2, 2022), pending in the Central District of Illinois. *See* Dkts. 18; 18-4; 18-5; 34; 34-4; 34-5 (Notices of Related Action attaching associated complaints). All four cases were filed by the Social Media Victims Law Center ("SMVLC"). The first of those cases, *Johnson*, was not filed until August 2, 2022—nearly eight months after the first cases filed against Meta that are under consideration by the Panel. None of the YouTube-related cases had been filed at the time of Ms. Murden's Motion seeking transfer and consolidation.

A fifth lawsuit against YouTube—*E.W. v. YouTube, LLC*, No. 3:22-cv-04528-TLT—which was filed around the same time as the other four (August 5, 2022), is also pending in the Northern District of California, and was also brought by the SMVLC. Meta is not a defendant in that case.

---

[2] YouTube takes no position on consolidation of claims against Meta or any other defendants.

[3] As of the date of this brief's filing, *L.A.T.* has not been served on YouTube.

2

### III. ARGUMENT

Parties seeking consolidation through the MDL process must establish that "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). And the Panel has broad authority to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." *Id*. The Panel is "typically skeptical of requests to centralize claims filed against multiple defendants who are competitors in a single MDL because it often will not promote judicial efficiency or serve the convenience of the parties and witnesses." *In re Secondary Ticket Mkt. Refund Litig.*, 481 F. Supp. 3d. 1345, 1346 (J.P.M.L. 2020) (declining to create an "industry-wide MDL").

Whatever else the Panel does, it should not consolidate the cases and/or claims against YouTube within any broader MDL. YouTube is differently situated from any other defendant in this proceeding: there was no litigation against YouTube when Ms. Murden's Motion was filed, and YouTube is not a party to the vast majority of the cases now before the Panel. Consolidating the small set of YouTube cases into an omnibus MDL with dozens of other cases and several differently situated defendants would needlessly complicate the claims against YouTube and undermine efficiency. It would force YouTube to participate in scores of cases in which it is not named as a party, vastly increasing the burden and complexities of this litigation. *See, e.g.*, *In re CP4 Fuel Pump Mktg. Sales Practices, & Prods. Liab. Litig.*, 412 F. Supp. 3d 1365, 1367 (J.P.M.L. 2019) (explaining that "centralizing competing defendants in the same MDL likely would complicate case management due to the need to protect trade secret and confidential information" and "may prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks, as well as the need for additional bellwether trials").

In short, consolidation for YouTube would effectively do the opposite of what the MDL process is supposed to achieve: greater efficiency, convenience, and fairness. 28 U.S.C. § 1407(a); *see, e.g.*, *In re Ambulatory Pain Pump-Chondrolysis Prods. Liab. Litig.*, 709 F. Supp. 2d 1375, 1377 (J.P.M.L. 2010) (denying centralization of 102 actions when most defendants were named "in only a minority of actions" and some were sued in "but a handful"); *accord In re Secondary Ticket Mkt. Refund Litig.*, 481 F. Supp. 3d at 1346 ("industry-wide MDL" is inappropriate when "general factual commonality" is "superficial at best"); *In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1355–57 (J.P.M.L. 2020) (consolidation is not appropriate where "[m]ovants rely on broad similarities among the actions to support their request for centralization").

In contrast, informally coordinating the small number of cases involving YouTube would be efficient and comparatively straightforward. There are only five such cases pending. Plaintiffs in all of those cases share the same counsel (SMVLC), and YouTube is represented in all the actions by the same law firm (Wilson Sonsini). *See, e.g.*, *In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d at 1355–57 (declining to consolidate and noting that "there are a limited number of overlapping plaintiffs' counsel in the majority of actions before the Panel, making them well-positioned to facilitate informal coordination"); *In re Secondary Ticket Mkt. Refund Litig.*, 481 F. Supp. 3d at 1346–47 (denying transfer and noting that all plaintiffs were represented by a single firm, enabling coordination). Four of the five actions filed are pending in the same jurisdiction (the Northern District of California). "In these circumstances, informal coordination is preferable to address any overlapping pretrial proceedings." *In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d at1356. Even without informal coordination, the small number of cases against YouTube

can proceed independently with relative efficiency, and "the mere possibility of additional actions does not support centralization, even where thousands of actions are predicted." *Id.*

IV. **CONCLUSION**

YouTube respectfully requests that the Panel decline to transfer the tagged cases in which YouTube is a defendant or, alternatively, separate and remand the claims against YouTube from any MDL proceeding.

Dated: September 6, 2022

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Brian M. Willen*
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

*Counsel for Interested Parties YouTube, LLC, Google LLC, and Alphabet Inc.*